**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SARYANA JUNIWATY,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 10-70475

Agency No. A099-403-111

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 17, 2012[**]

Before:    SCHROEDER, THOMAS, and SILVERMAN, Circuit Judges.

Saryana Juniwaty, a native and citizen of Indonesia, petitions for review of

the Board of Immigration Appeals order dismissing her appeal from an

immigration judge's decision denying her application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT"). We have

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the new standards governing adverse credibility determinations created by the Real ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). We deny the petition for review.

Under the totality of the circumstances, substantial evidence supports the agency's adverse credibility determination based on the discrepancies between Juniwaty's declaration, testimony, and her supporting documentation regarding the chronology of harms she claims to have suffered in Indonesia. *See Shrestha*, 590 F.3d at 1046-47. Accordingly, we deny the petition as to Juniwaty's asylum and withholding of removal claims. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Juniwaty's CAT claim is based on the same evidence the agency found not credible, and she points to no other evidence showing it is more likely than not she will be tortured if returned to Indonesia, her CAT claim also fails. *See id.* at 1156-57.

Finally, we reject Juniwaty's contention that the agency violated her due process rights by not reaching the merits of her claim. *See Lata v. INS*, 204 F.3d

10-70475

1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on a due process claim).

**PETITION FOR REVIEW DENIED.**